**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| TERRY L. FENNESSEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17-CV-395-PPS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Terry L. Fennessee, a prisoner without a lawyer, filed an amended habeas corpus petition attempting to challenge his conviction and 40 year sentence handed down on October 29, 2008 by the St. Joseph Superior Court. Habeas Corpus petitions are subject to a strict one year statute of limitations. Here's what the rule says:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

There are four possible dates from which the limitation period can begin to run. In response to question 9 (which asked him to explain why the petition is timely), Fennessee notes that his post-conviction relief proceedings were delayed in the trial court, but none of that time counts against him because it was tolled by 28 U.S.C. § 2244(d)(2). Nothing in his response – nor anything else in the petition – indicate that State action impeded him from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore 28 U.S.C. § 2244(d)(1)(B), (C), and (D) are not applicable here. Thus the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of the time for filing a direct appeal.

In this case, Fennessee took a direct appeal to the Court of Appeals of Indiana which affirmed his conviction on June 30, 2009. *Fennessee v. State*, 909 N.E.2d 516 (Ind. Ct. App. 2009) (table). He did not petition for transfer to the Indiana Supreme Court and the time for doing so expired on July 30, 2009. *See* Indiana Rules of Appellate Procedure 57.C.(1). When he filed a post-conviction relief petition on March 15, 2010, that stopped the clock. But by then, 227 days had elapsed and Fennessee only had 138 days remaining.[1] The clock remained stopped until the Indiana Supreme Court denied his petition to transfer on October 20, 2016. The next day, on October 21, 2016, the 1-year

---

[1] When necessary, the 1-year period of limitation is counted as (and divided into) days. *See Holland v. Florida*, 560 U.S. 631, 638 (2010) ("At that point, the AEDPA federal habeas clock again began to tick - with 12 days left on the 1-year meter.")

period of limitation began counting down the remaining 138 days. The clock expired on March 7, 2017. Because the original habeas corpus petition (ECF 1) was not signed until May 12, 2017, it is untimely and must be dismissed.

This might seem harsh. It is true, after all, that the petition was barely two months late. But even petitions that are one day late are time barred. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted) and *Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010). Though Fennessee sought leave to file a successive post-conviction relief petition, "[b]ecause an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)." *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005).

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore there is no basis for encouraging Fennessee to proceed further. Thus a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For the foregoing reasons the court **DENIES** habeas corpus relief pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely, **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11, and **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

ENTERED: July 17, 2017.

  s/ Philip P. Simon

**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**

4